IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **SHERMAN WALKER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    No. 16-2279-STA-tmp |
| | ) |
| **J.E. DUNN,** | ) |
| | ) |
|     **Defendant.** | ) |

_____

# REPORT AND RECOMMENDATION
_____

Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. On April 25, 2016, plaintiff Sherman Walker, a resident of Memphis, Tennessee, submitted a *pro se* complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On April 27, 2016, the court completed its review of plaintiff's *in forma pauperis* application and ordered plaintiff to file a revised application addressing particular deficiencies or, in the alternative, pay the civil filing fee. (ECF No. 5.) As of the date hereof, plaintiff has failed to respond, and the thirty (30) day deadline specified in the order has passed. For the following reasons, it is recommended that the presiding district

judge (a) deny plaintiff's motion to proceed *in forma pauperis* and (b) dismiss the case without prejudice for failure to prosecute.

## I. PROPOSED FINDINGS OF FACT

The plaintiff received a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC") on March 18, 2016, indicating that the EEOC was closing its file as to plaintiff's charge. (See ECF No. 1.) The plaintiff subsequently brought the present action under Title VII of the Civil Rights Act of 1964, pursuant to a complaint received by the Clerk on April 25, 2016, along with a motion to proceed *in forma pauperis*. In response to plaintiff's motion to proceed *in forma pauperis*, the court, in its Order Directing Plaintiff to File a Properly Completed and Signed *In Forma Pauperis* Affidavit or Pay the Civil Filing Fee, entered April 27, 2016, addressed the plaintiff's responsibility to either pay a filing fee or properly move to proceed *in forma pauperis*:

> Federal law provides that the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400.[1] 28 U.S.C. § 1914(a). To ensure

---

[1]Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $50 for filing any civil

> access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* status must respond fully to all the questions on the court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. <u>See, e.g.</u>, <u>Reynolds v. Fed. Bur. Of Prisons</u>, 30 F. App'x 574 (6th Cir. 2002); <u>Brogue v. Fort Knox Fed. Credit Union</u>, No. 96-1896, 1997 WL 242032 (6th Cir. May 8, 1997).

(ECF No. 5 (footnote in original).)

The court determined that plaintiff's motion to proceed *in forma pauperis* was not complete and did not provide the court with sufficient financial information to determine if plaintiff is unable to pay the civil filing fee. Specifically:

- Plaintiff failed to sign and date the affidavit where indicated (ECF No. 2 at 1);
- Plaintiff failed to provide a total monthly income (ECF No. 2 at 2);
- Plaintiff failed to list any assets he owns or sufficiently indicate that there are none (ECF No. 2 at 3); and
- Plaintiff failed to list any expenses and failed to list a total for monthly expenses, instead drawing a squiggly line down the entire column (ECF No. 2 at 4-5).

Therefore, the court ordered plaintiff to either submit a properly completed and executed *in forma pauperis* application or pay the $400.00 civil filing fee within thirty (30) days after the date of the order, or his action could be subject to

---

case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

dismissal. The time for plaintiff to respond to the order has elapsed.[2]

## II. PROPOSED CONCLUSIONS OF LAW

In addressing a motion to proceed *in forma pauperis*, the Sixth Circuit has recognized that "the decision to grant or deny such an application lies within the sound discretion of the district court." Brogue, 1997 WL 242032, at *1. In Reynolds, 30 F. App'x at 574, the Sixth Circuit found that the district court did not abuse its discretion when it denied an *in forma pauperis* application due to the plaintiff's failure to identify certain securities owned by the plaintiff "with particularity or offer a credible estimate of their value." Here, the plaintiff's omissions from his *in forma pauperis* application are much more widespread and significant, prohibiting the court from

---

[2] Pursuant to Section 5.2 of the Western District of Tennessee's Electronic Case Filing (ECF) Policies and Procedures Manual, *pro se* plaintiffs are entitled to receive notice of court orders in paper form. Here, the Clerk mailed the court's order to the plaintiff, but the mail was returned as undeliverable. It is the responsibility of the party to provide an address at which mail can be received. See, e.g., White v. City of Grand Rapids, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming district court's order dismissing *pro se* complaint without prejudice for want of prosecution because he failed to keep the court apprised of his current address); Hananiah Ibn v. Shelby Cty. Gov't, No. 12-3074-JDT-tmp, 2015 WL 52089, at *1 (W.D. Tenn. Jan. 2, 2015) ("A litigant's most basic responsibility is to keep the Court apprised of his whereabouts."). Moreover, in this case, a copy of the order was also sent to the plaintiff via e-mail, as the plaintiff signed an agreement consenting to electronic notices (ECF No. 4). Therefore, the court is satisfied that plaintiff had sufficient opportunities to review the order and respond within the time specified.

adequately evaluating the plaintiff's financial status. Moreover, the plaintiff failed to sign the affidavit and thus failed to attest to the accuracy of even its sparse contents. For these reasons, it is recommended that the plaintiff's motion to proceed *in forma pauperis* be denied.

As a result, it is also recommended that the complaint be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The plaintiff had ample notice that he needed to fix the deficiencies in his *in forma pauperis* affidavit or, alternatively, pay the civil filing fee, and his failure to do either should be considered a failure to prosecute his case. See Steward v. City of Jackson, 8 F. App'x 294, 296 (6th Cir. 2001) (finding that district court did not abuse its discretion in dismissing case under Fed. R. Civ. P. 41(b) when plaintiff failed to comply with an order to submit a properly supported *in forma pauperis* application or pay the filing fee); El Bey v. Barry, Civil Action No. 2:13-cv-732, 2013 WL 4482463, at *1-2 (S.D. Ohio Aug. 21, 2013) (magistrate judge recommending dismissal pursuant to Fed. R. Civ. P. 41(b) due to failure to comply with court order to supplement *in forma pauperis* documentation or, as an alternative, pay the filing fee); see generally Erby v. Kula, 113 F. App'x 74, 75 (6th Cir. 2004) (finding dismissal pursuant to Fed. R. Civ. P. 41(b) proper when prisoner plaintiff failed to pay filing fee or submit *in forma*

*pauperis* documentation after deficiency order was entered by the court); White v. Am. Corr. Ass'n, 25 F. App'x 410, 411 (6th Cir. 2002) (same); Gravitt v. Tyszkiewicz, 14 F. App'x 348, 349 (6th Cir. 2001) (same). Moreover, the plaintiff was directly warned of the possibility of dismissal for failing to comply with the court's order. (ECF No. 5 at 3); see Steward, 8 F. App'x at 296 ("Prior notice, or lack thereof, is the key consideration when determining whether a district court abuses its discretion in dismissing a case for failure to comply with a court order."); cf. Fleetwood v. Wright, 79 F.3d 1148 (Table) (6th Cir. 1996) (finding that district court abused its discretion in dismissing case when plaintiff was never directly ordered to submit an *in forma pauperis* affidavit or pay a filing fee and plaintiff was never notified that the court was contemplating dismissal). Therefore, dismissal of this case for failure to prosecute is proper, and the court recommends dismissal without prejudice. Although there has not been adjudication on the merits, the court alerts the plaintiff that his EEOC Right to Sue Letter clearly indicates that suit must be filed within ninety (90) days of receipt of said letter, and dismissal of this complaint without prejudice does not toll the limitations period. See Tate v. United Servs. Assocs., 75 F. App'x 470, 471 (6th Cir. 2003) (citing Wilson v. Grumman Ohio Corp., 815 F.2d 26, 27 (6th Cir. 1987)) ("A plaintiff must file her Title VII claim within

ninety days of receiving the EEOC's right-to-sue letter. The filing of a prior complaint does not toll the ninety-day period and the court cannot extend the time for filing.").

### III. RECOMMENDATION

For the reasons above, it is recommended (a) that the plaintiff's motion to proceed *in forma pauperis* be denied and (b) that the case be dismissed without prejudice for failure to prosecute.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 3, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**