# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | |
|---|---|
| **SHERMAN WALKER,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 16-2279-STA-tmp |
| | ) |
| **J.E. DUNN,** | ) |
| | ) |
|     Defendant. | ) |

___

## REPORT AND RECOMMENDATION
___

Before the court is defendant J.E. Dunn's ("Dunn") motion to dismiss (ECF No. 14) *pro se* plaintiff Sherman Walker's ("Walker") complaint (ECF No. 1) for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. Dunn asserts that while it was served with the summons, it has never been served with a copy of the complaint, and thus has not been properly served in this case. See Fed. R. Civ. P. 4(c)(1). In support of this assertion, Dunn has submitted a sworn declaration by the employee who was served with the summons. (ECF No. 14-2.) Walker has not disputed Dunn's assertion of improper service of the complaint.[1]

___

[1] Walker did not respond to Dunn's motion to dismiss within the time allotted by Local Rule 12.1(a)(b). The undersigned magistrate judge entered an order on November 2, 2016, directing

The undersigned magistrate judge previously granted Walker leave to proceed *in forma pauperis*, and directed that process for Dunn be issued by the Clerk and served by the Marshal pursuant to 28 U.S.C. § 1915(d), Federal Rule of Civil Procedure 4(c)(3), and Local Rule 4.1(b)(3)(B). (ECF No. 11.) On January 4, 2017, the undersigned entered an order directing the Clerk to reissue, and the Marshal to serve, process upon Dunn. (ECF No. 16.) For the same reasons set forth in the January 4 order, it is recommended that Dunn's motion to dismiss be denied without prejudice with leave to refile should there be a basis to renew the motion.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 4, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R.**

---

Walker to show cause why his complaint should not be dismissed for the reasons Dunn asserts. (ECF No. 15.) The deadline for filing a response was November 16, 2016. To date, Walker has not filed a response.

**72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**