```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

_____

SHERMAN WALKER,                    )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    No. 16-cv-2279-SHL-tmp
                                   )
J.E. DUNN,                         )
                                   )
    Defendant.                     )

_____

                    REPORT AND RECOMMENDATION
_____

On April 25, 2016, *pro se* plaintiff Sherman Walker filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that he suffered an adverse employment action based on his race (African-American). Before the court pursuant to Administrative Order 2013-05 is defendant J.E. Dunn's ("Dunn") Motion to Dismiss for Failure to State a Claim.[1] (ECF No. 22.) Dunn filed this motion on January 27, 2017. After Walker failed to respond as required by the Local Rules, the court ordered him to show cause why his complaint should not be dismissed for failure to state a claim. (ECF No.

---

[1] Dunn previously filed a motion to dismiss the complaint for insufficient service of process and lack of personal jurisdiction. (ECF No. 14.) The undersigned magistrate judge directed the Clerk of Court to re-issue the summons and the United States Marshal to effect service of process upon Dunn. Thereafter, the presiding district judge denied the motion to dismiss without prejudice. (ECF Nos. 16, 21.)

25.)  Walker filed a timely response to the show cause order. (ECF No. 26.)

For the reasons below, it is recommended that the Motion to Dismiss for Failure to State a Claim be denied.

## I.  PROPOSED FINDINGS OF FACT

Walker's complaint, which was filed on the court's "*Pro Se* Complaint Form for Employment Discrimination," alleges racial discrimination in connection with the termination of his employment, and names Dunn as the defendant.[2] The complaint alleges, "I was working as a[n] electrician at a CCA prison when I was assaulted by a fellow employee.  I was fired because I reported workplace violence and I believe if I was white I would not have been fired."  (ECF No. 1 at 4.)  In support of his allegations, Walker attached to his complaint an incident report from the Trousdale County Sheriff's Department written by Deputy Eric Langford.  (ECF No. 1-2.)  The report relates to an aggravated assault that occurred on May 22, 2015, at a CCA prison construction site in Hartsville, Tennessee.  According to

---

[2] On the same day Walker filed the instant lawsuit against Dunn, he filed a separate *pro se* complaint against Corrections Corporation of America ("CCA").  See Walker v. Corr. Corp. of Am., No. 16-2278-JPM-tmp (W.D. Tenn. filed April 25, 2016).  On April 26, 2017, the presiding district judge in that case entered an order adopting the undersigned's report and recommendation on CCA's motion for summary judgment, granted CCA's motion for summary judgment in its entirety, and entered judgment dismissing all claims with prejudice.  (ECF Nos. 37 & 38.)

the report, Walker told the investigating officer that another worker, Ronnie Nicholson, pointed a handgun at him and threatened to kill him. Nicholson walked away when Walker threatened to call the police. Based on witness testimony and further investigation, Deputy Langford determined that Nicholson had in fact threatened Walker with a handgun, and as a result, Nicholson was arrested.

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). Accordingly, "[a]ccepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

**B.   Title VII**

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ."  42 U.S.C. § 2000e-2(a)(1).  "[T]he pleading requirements for Title VII claims are no different than those for other claims; they are subject to the same requirement of setting forth 'enough facts to state a claim to relief that is plausible on its face.'"  Serrano v. Cintas Corp., 699 F.3d 884, 897 (6th Cir. 2012) (quoting Twombly, 550 U.S. at 570); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510–14 (2002) ("Title VII plaintiffs need not establish all elements of a *prima facie* case of discrimination to survive a motion to dismiss.").

Dunn contends that Walker has not alleged that Dunn employed him, terminated his employment, or took any other adverse employment action against him.  Dunn also points out

that the incident report identifies a company named "Northern Electric" as Walker's employer.  However, taking the well-pleaded allegations in the *pro se* complaint as true, the court finds that Walker has sufficiently stated a Title VII claim against Dunn that satisfies the Rule 12(b)(6) standard.  The complaint alleges unlawful racial discrimination in connection with Walker's termination, names Dunn as the defendant liable under Title VII, and attaches the incident report that describes the events that allegedly caused his termination.  Moreover, he asserts in his response to the show cause order that "I was ordered off the property by CCA and J.E. Dunn for reporting workplace violence . . . [t]he owner of J.E. Dunn and CCA retaliated against me for reporting workplace violence," which provides some additional context to the factual allegations in the complaint.  (See ECF No. 26.)  Taken together, the factual allegations in the complaint state a claim to relief against Dunn that is plausible on its face.

### III.  RECOMMENDATION

For the reasons above, it is recommended that the motion to dismiss be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 28, 2017

- 5 -

Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**