**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SHERMAN WALKER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-2279-SHL-tmp |
| | ) | |
| J.E. DUNN | ) | |
| Defendant. | ) | |

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND
DENYING DEFENDANT'S MOTION TO DISMISS**

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant J.E. Dunn's Renewed Motion to Dismiss (ECF No. 28), filed April 28, 2017. *Pro se* Plaintiff Sherman Walker filed a Complaint against Defendant on April 25, 2016 (ECF No. 1), alleging that he was terminated based on his race and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ("Title VII"). On January 27, 2017, Defendant filed a Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed for failure to state a claim. (ECF No. 22.) In the Report and Recommendation ("R&R") before the Court, Magistrate Judge Tu M. Pham recommends that the Court deny Defendant's Motion to Dismiss. On May 12, 2017, Defendant filed an objection to the R&R. Plaintiff did not file a response to Defendant's objection.

For the reasons stated herein, the Court **ADOPTS** the R&R in whole and **DENIES** Defendant's Motion to Dismiss.

## STATEMENT OF THE CASE

I.    <u>Factual Allegations</u>[1]

Plaintiff filed his *pro se* Complaint on a Court-provided form, alleging racial discrimination and retaliation in connection with the termination of his employment by Defendant, in violation of Title VII.[2]  In support of his claims, Plaintiff alleges that, "I was working as a[n] electri[cian] at a CCA prison when I was fired because I reported workplace violence and I beli[e]ve if I was white I would have not have been fired."  (ECF No. 1 at 4.)  He goes on to say that, "I was told to get off the job site because I reported workplace violence." (<u>Id.</u> at 6.)  Plaintiff attached an incident report from the Trousdale County Sheriff's Department. (ECF No. 1-2.)  The report relates to an alleged aggravated assault that occurred on May 22, 2015, wherein Plaintiff told officers that another worker threatened him with a black handgun. (<u>Id.</u>)  According to the report, Plaintiff informed his supervisor of the incident, and then the police were called to the scene.  (<u>Id.</u> at 2.)  The Officer detailing the report concluded that the coworker had threatened Plaintiff with a handgun, and thus arrested the coworker.  (<u>Id.</u>)  Plaintiff alleges that on May 22, 2015, he was ordered off the site by Defendant J.E. Dunn and terminated.  (ECF No. 1 at 3-5.)

II.    <u>Procedural Posture</u>

Defendant previously filed a Motion to Dismiss for insufficient service of process, lack of personal jurisdiction and for failure to state a claim.  (ECF No. 14.)  The Magistrate Judge directed the Clerk of the Court to re-issue the summons and directed the United States Marshal to

---

[1] The following facts are from Plaintiff's *pro se* Complaint and taken as true for purposes of this Motion.
[2] On the same day, Plaintiff filed a separate *pro se* complaint against Corrections Corporation of America ("CCA").  <u>See</u> <u>Walker v. Corr. Corp. of Am.</u>, No. 16-2278-JPM-tmp (W.D. Tenn. Apr. 25, 2016).  On April 26, 2017, the court in that matter granted CCA's Motion for Summary Judgment in its entirety and dismissed Plaintiff's claims with prejudice.

effect service of process on Defendant.  (ECF No. 16.)  Subsequently, on January 24, 2017,

Judge S. Thomas Anderson denied the Motion to Dismiss without prejudice.[3]  (ECF Nos. 17,

21.)

On January 27, 2017, Defendant renewed his Motion to Dismiss for failure to state a

claim, arguing that Plaintiff has not stated a claim against Defendant because Plaintiff's

Complaint does not plead sufficient facts to establish that Defendant was Plaintiff's employer,

that Defendant terminated Plaintiff or that Defendant otherwise took any adverse employment

action against Plaintiff that would establish a claim.  (ECF No. 22-1 at 1-2.)  After Plaintiff failed

to respond to Defendant's Motion, the Magistrate Judge issued an Order to Show Cause on

March 6, 2017 (ECF No. 25), ordering Plaintiff to respond to Defendant's Motion by March 20,

2017.  Plaintiff filed his response on March 17, 2017.  (ECF No. 26.)

On April 28, 2017, the Magistrate Judge issued an R&R, recommending that Defendant's

Motion to Dismiss be denied.  Defendant filed a timely objection on May 12, 2017 (ECF No.

30), to which Plaintiff did not respond.  Defendant objects to the finding by the Magistrate Judge

that Plaintiff's assertion that Defendant "ordered him off his worksite for reporting workplace

violence" was sufficient to establish that Defendant had some authority with regard to Plaintiff's

employment.  (Id. at 1-2.)  Specifically, Defendant argues that, without an allegation that

Defendant has some authority as to Plaintiff's employment, he fails to state a plausible claim that

Defendant was his employer, and, thus, Defendant's Motion should be granted.  (Id.)

## ANALYSIS

I.    Standard of Review

A magistrate judge may submit to a judge of the court proposed findings of fact and

---

[3] This matter was reassigned to this Court on March 28, 2017.  (ECF No. 27.)

recommendations for dismissal of a complaint for failure to state a claim upon which relief can be granted.  28 U.S.C. § 636(b)(1)(B).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985).  "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy."  Johnson v. Brown, 2016 WL 4261761, at *1 (E.D. Kent. August 12, 2016) (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  Howard, 932 F.2d at 509.  After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  The district court need not review findings that are not objected to under a *de novo* or any other standard.  Thomas, 474 U.S. at 150.

In reviewing Defendant's objection, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard.  Under that standard, a court must determine whether the plaintiff has stated a plausible claim upon which relief may be granted, while "constru[ing] the complaint in the light most favorable to the plaintiff, accept[ing] its allegations as true, and draw[ing] all reasonable inferences in favor of the plaintiff."  DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).  "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  While the Court may be lenient in its reading of *pro se* filings, the

Court may not read facts into Plaintiff's pleading.  See Brown v. Matauszak, 415 F. App'x 608, 613 (citing cases).

II.    Failure to State a Claim

In the R&R, the Magistrate Judge found that Plaintiff states a plausible claim for racial discrimination, in violation of Title VII.  The Court reviews *de novo* Defendant's objection that Plaintiff fails to state a claim because he fails to establish that Defendant had any authority over Plaintiff's employment.

Title VII makes it "an unlawful employment practice for an *employer* . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1) (emphasis added).  Defendant's objection does not go to the merits of Plaintiff's Title VII claim, but as to the threshold question of whether Plaintiff has established that there is an employment relationship between himself and Defendant.  In support of the finding that Plaintiff states a claim for relief, the Magistrate Judge considered that Plaintiff "names Dunn as the defendant liable under Title VII," and that Defendant ordered him off the property for reporting workplace violence.  (ECF No. 28 at 5.)  Defendant contends that those facts are not sufficient to plausibly claim that an employment relationship existed between Plaintiff and Defendant.

Sister courts have held that "the employment relationship must be pled in the complaint; failing to do so is fatal to a Title VII claim."  Halcomb v. Black Mountain Resources, LLC, 46 F. Supp. 3d 707, 709-10 (E.D. Ky. 2014) (citing Gueye v. Gap, Inc., et al., No. 2013-144, 2014 WL 197759, at *1 (E.D. Ky. Jan. 14, 2014)).  Defendant contends that Plaintiff was employed by Northern Electric, not Defendant.  However, in his Complaint and his Response to Defendant's

Motion, Plaintiff alleges that Defendant ordered him off the property, that he was terminated and told not to return to the worksite. Plaintiff has stated sufficient facts to support a plausible claim that Defendant was his employer. Given that the date Defendant ordered him off the property is the date Plaintiff alleges he was terminated, the Court infers that Plaintiff is alleging that Defendant, in so ordering Plaintiff, was terminating Plaintiff. Therefore, at this stage in the litigation, the Court reasonably infers from Plaintiff's pleadings that Defendant was his employer at the time he alleges he was unlawfully terminated.

Because Defendant does not object to any other findings by the Magistrate Judge, the Court need not review the other findings.

## CONCLUSION

The Court agrees with the finding by the Magistrate Judge that Plaintiff states a plausible claim for relief against Defendant. Therefore, the Court **ADOPTS** the R&R in whole, and **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED**, this 17th day of July, 2017.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE